UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD R. LOFTON,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No.: C08-1567 CRD<br><br>ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |

Plaintiff Ronald Lofton appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") who denied his application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act ("SSA" or the "Act"), 42 U.S.C. sections 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court REVERSES the Commissioner's decision and REMANDS the case for further administrative proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff was born on December 5, 1958, was forty-five years old on the date he alleged disability, and forty-eight years old on the date of the ALJ's decision. He graduated from high school and took some college level courses. Plaintiff has worked unloading freight and cooking.

Plaintiff applied for SSI on October 12, 2004. His claim was denied initially and upon reconsideration, and he timely requested an ALJ hearing. A hearing before ALJ Gallagher Dilley was held on April 11, 2007 followed by a supplemental hearing on August 28, 2007. The

ORDER - 1

ALJ heard testimony from Plaintiff, who was represented by Sandra Widlan, Esq.; Arthur L. Levy, Ph.D., a medical expert; and Olof R. Elofson, Ph.D., a vocational expert. Administrative Record ("AR") at 444-96. The ALJ rendered an unfavorable decision on November 30, 2007, finding Plaintiff not disabled. Plaintiff requested review by the Appeals Counsel which was denied on September 5, 2008, rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 422.210 (2006). This appeal followed.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. sections 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. section 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 402 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV. THE DISABILITY EVALUATION

As the claimant, Mr. Lofton bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§

423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id*. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.

Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] In the present case, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. AR at 17, Finding 1. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). In this case the ALJ found Plaintiff has the severe impairments of obesity, sleep apnea, lumbar degenerative disc disease, and mood disorder. AR at 17, Finding 2. If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id*. In this case the ALJ found that Plaintiff's impairments did not meet or equal the requirements of any listed impairment. AR at 18, Finding 3.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ in this case determined Mr. Lofton can perform fulltime employment, and has the functional ability to stand and walk for 6 hours in an 8-hour workday, as long as he is given the opportunity to change from a standing to seated position every one to two hours. AR at 18. The ALJ further found that Mr. Lofton can lift and carry up to 20 pounds. The ALJ found no limitation in Mr. Lofton's ability to interact appropriately with co-workers and supervisors, and no limitation in his ability to respond appropriately to usual work situations and to changes in a routine work setting. AR at 18. The ALJ next found that Plaintiff did not have any past relevant work. *Id*. at 22, Finding 5.

If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, the burden shifts to the Commissioner at step five to show the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, the claimant is found disabled and benefits may be awarded. In this case, the ALJ found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as small products assembler and table worker. AR at 22-23, Finding 9. The ALJ therefore concluded Plaintiff was not disabled as defined in the SSA. *Id*. at 25.

## V. ISSUES ON APPEAL

Plaintiff presents the following principal issues on appeal:

1. Did the ALJ err by failing to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Nunez's opinion?
2. Did the ALJ err by failing to properly consider Dr. Petek's opinion?

Dkt. No. 14.

# VI. DISCUSSION

*A.   The ALJ erred by failing to properly consider the opinion of Dr. Nunez.*

Plaintiff asserts that the ALJ erred by failing to properly consider the opinion of his treating physician Natalie Nunez, M.D. Dk. 14 at 5. Dr. Nunez opined that Mr. Lofton is limited to 21-30 hours of sedentary work per week, needs rest breaks from sitting every 1-2 hours, and can carry only up to 10 pounds on an occasional basis. The ALJ rejected Dr. Nunez's opinion and instead found that Mr. Lofton can work in a fulltime position that requires him to stand and walk for a total of 6 hours in an 8-hour work day, and lift and carry up to 20 pounds. AR at 18. The ALJ offered three reasons for rejecting Dr. Nunez's opinion, none of which, Plaintiff claims, are "specific and legitimate reasons supported by substantial evidence in the record." *Id*. at 6 quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

First, the ALJ claimed that Dr. Nunez is a "non-acceptable medical source." AR at 20. This is clearly wrong. As a physician, Dr. Nunez is an "acceptable medical source" pursuant to 20 C.F.R. 404.1513(a)(1). The Government concedes that the ALJ mistakenly ascribed "non-acceptable medical source" status to Dr. Nunez, but claims the mistake was harmless. Dk. 15 at 6. The Government argues that there is no indication that Dr. Nunez actually examined Mr. Lofton, rather she simply applied her signature to his medical report. As such, the Government argues, Dr. Nunez is essentially a non-examining physician. *Id*. However, the Government cites no authority for this proposition. Dr. Nunez is an "acceptable medical source" under 20 C.F.R. § 404.1513(a)(1), and her opinion must be considered accordingly.

Second, the ALJ claimed that Dr. Nunez's opinion regarding Mr. Lofton's functional limitations was "inconsistent with Dr. Becker's report." AR at 20. Plaintiff argues that no such inconsistency exists. Dk. 14 at 6. The Government counters that Dr. Becker determined that Mr. Lofton's back examination showed "minimal evidence of impairment to function and activity." AR at 404. This court disagrees. Dr. Becker's report acknowledges that Mr. Lofton has significant limitations, and most importantly, offers no contradiction nor objection to Dr. Nunez's opinion that Mr. Lofton can work only in a part-time sedentary job that allows frequent rest breaks.

Third, the ALJ cited to several exhibits in the record claiming that they showed "overall benign examination findings." AR at 18. Specifically, the ALJ points to Dr. Becker's report (which this court has already found does not contradict Dr. Nunez's opinion), 68 pages of medical records from an emergency room visit, and 32 pages of medical records from another examination of his spine. The medical records report that Mr. Lofton was suffering extreme pain in his low back, ranking his pain at a 7 or 8 on a scale of 1 to 10. The ALJ does not identify which of these medical records she believed were inconsistent with Dr. Nunez's opinion.

In short, the ALJ committed legal error by failing to provide specific and legitimate reasons based on substantial evidence in the record for rejecting Dr. Nunez's opinion. *See Lester*, 81 F.3d at 830-31. Dr. Nunez is an "acceptable medical source," Dr. Becker's report is consistent with her functional assessment, and the medical records do not contradict her opinion. On remand, the ALJ should order Mr. Lofton to undergo a physical evaluation to assist in making the determination whether Plaintiff was disabled due to his physical limitations.

    *B.     The ALJ erred by failing to properly consider the opinion of Dr. Petek.*

Plaintiff argues that the ALJ erred by "completely ignoring" the opinion of Thomas Petek, Ph.D. Dk. 14 at 8. Dr. Petek examined Mr. Lofton at the request of the ALJ. He opined that Mr. Lofton has moderate limitation in the ability to respond appropriately to usual work situations and to changes in a routine work setting. AR at 399. Plaintiff alleges that although the ALJ acknowledged Dr. Petek's report, the ALJ did not address the doctor's opinion that Mr. Lofton has difficulty dealing with usual work situations. AR at 20-21.

The Government counters that the ALJ thoroughly discussed Dr. Petek's report and gave it "some weight." AR at 20-21. The ALJ explained that the treatment notes from Seattle Mental Health showed that Mr. Lofton was doing very well in therapy and that the clinic observations suggested that he had no difficulty at all. *Id*. Further, Mr. Lofton testified that counseling and medication were helping him tremendously.

This court finds that the ALJ was required to consider all of Mr. Lofton's functional limitations - both individually and in combination with other impairments. *See* 20 C.F.R. §416.945(e). The ALJ must consider any difficulties a claimant has "responding appropriately to

supervision, coworkers, and work pressures." 20 C.F.R. §416.945(c). Here it is impossible to determine whether the ALJ considered the limitations identified by Dr. Petek because the ALJ never acknowledges Mr. Lofton's difficulties in dealing with coworkers, supervisors, usual work stress, and changes to a work routine. Given that nowhere in the decision the ALJ even mentions that Mr. Lofton has these difficulties, it is reasonable to assume that she never considered these limitations. The issue is whether the culmination of Mr. Lofton's problems impede his ability to work. *See* 20 C.F.R. §416.945(e). This court finds that the ALJ committed legal error by failing to take into consideration Dr. Petek's opinion that Mr. Lofton has problems interacting with coworkers and supervisors, and problems responding appropriately to normal work-related stress. *See e.g. Reddick v. Chater*, 157 F.3d 715 (9th Cir. 1998).[2]

## VII. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and the case is REMANDED for further administrative proceedings.

DATED this 20th day of July, 2009.

Carolyn R. Dimmick
United States District Judge

---

[2] The Government claims that the ALJ properly evaluated Mr. Lofton's credibility. This issue has no bearing on the question of whether the ALJ properly considered the medical opinions in this case. *See Lester*, 81 F.3d at 830-34. Therefore, the court will refrain from addressing this issue.